Ole **FAGERHAUGH**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 14638.

United States Court of Appeals Ninth Circuit.

April 24, 1956.

804

Edises, Treuhaft, Grossman & Grogan, Bertram Edises, Edward R. Grogan, Oakland, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard C. Nelson, Richard H. Foster, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before BONE, ORR and LEMMON, Circuit Judges.

BONE, Circuit Judge.

Appellant was indicted for contempt of Congress, 2 U.S.C.A. § 192, for refusing to answer a certain question asked of him when he appeared as a witness before a sub-committee of the Committee on Un-American Activities of the House of Representatives of the United States, holding hearings in San Francisco on Friday, December 4, 1953. Appellant's motion to dismiss the indictment was denied. Upon his plea of not guilty he was tried before the court without a jury and found guilty.

Appellant was fined $100.00 and sentenced to imprisonment for one month. This appeal was taken from that judgment and sentence thereon.

The indictment charged a refusal by appellant to answer a pertinent Committee question concerning where he was then employed.

At the Committee hearing its counsel asked appellant, "Where are you employed?" It was a refusal to answer this question that became the basis of the indictment. After some colloquy between Committee members and appellant (in which counsel for the Committee and appellant also joined) appellant stated he would not answer as the Committee "is already fully aware of where I am employed." Appellant then added that he would not be "a party to dragging my employer into this smear campaign."

Upon being asked the question again, and being directed to answer, appellant replied, "I am going to decline to answer that question on the grounds of my rights under the Fifth Amendment." Appellant was then asked, "Are you employed at the Illinois Glass Co., 601 36th Avenue, Oakland, so that the record will state correctly?" To this question appellant replied, "Same answer."

Counsel for the Committee then asked, "You feel that to answer 'Yes' or 'No' to that question would incriminate you?" Appellant replied that he was guilty of no crime, that he had nothing to fear.

The Chairman of the Committee then asked appellant why, if he had committed no crime, "you should feel that you are entitled to the protection of the Fifth Amendment * * *?"

Upon his continued effort to explain his reliance upon the Fifth Amendment, appellant was informed, "There is no question before the witness." Immediately thereafter, appellant was asked, "Have you ever been a member of the Communist Party—Political Affairs Committee of Alameda County?"

Since the conviction and sentence of appellant by the lower court, the Supreme Court of the United States in Quinn v. United States, 1955, 349 U.S. 155, 75 S. Ct. 668, 99 L.Ed. 964, and in two cases decided the same day, Emspak v. United States, 1955, 349 U.S. 190, 75 S.Ct. 687, 99 L.Ed. 997; Bart v. United States, 1955, 349 U.S. 219, 75 S.Ct. 712, 99 L.Ed. 1016, has held that when a witness before

a committee refuses to answer a question and adequately indicates to the committee that his refusal to answer is based upon the privilege against self-incrimination, then in order to lay a foundation for a prosecution the committee must "overrule" the claim of privilege based upon the Fifth Amendment and specifically direct the witness to answer the question. To use the Court's own language, "In short, unless the witness is clearly apprised that the committee *demands* his answer notwithstanding his objections, there can be no conviction under § 192 for refusal to answer that question." (Emphasis supplied.) Quinn v. United States, supra, 349 U.S. at page 166, 75 S.Ct. at page 675; Jackins **v.** United States, 9 Cir., 231 F.2d 405.

We believe that Quinn v. United States, supra, requires a reversal of this conviction as it appears that the Committee did not indicate its refusal to accept the claim of privilege against self-incrimination, and did not "demand" that the witness answer the question. Rather, the Committee seems to have abandoned the question and proceeded to inquire about other matters.

Believing as we do that the Quinn decision, supra, requires a reversal it is not necessary to discuss or decide other contentions of appellee that appellant was not entitled to the privilege; that the question was innocent on its face; that appellant failed to justify his refusal to answer; that appellant waived the privilege, and that the appellant claimed the privilege as "a pure afterthought" to his other reasons for refusing to answer. These contentions were advanced as additional reasons for affirming the judgment of the lower court. Whether these contentions are right or wrong can make no difference in disposing of this case since the Committee did not "demand" that appellant answer the above noted question following his refusal "to answer * * * on the grounds of my rights under the Fifth Amendment."

The judgment is reversed with directions to enter a judgment of acquittal.